UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CAROL PHILLIPS, ET AL.                                CIVIL ACTION

v.                                                    NO. 13-594

ABB COMBUSTION ENGINEERING, INC.                      SECTION "F"

ORDER AND REASONS

Before the Court are two motions:  (1) The City of Grand Island's motion to dismiss for lack of personal jurisdiction or, alternatively, for failure to state a claim; and (2) Nebraska Public Power District's motion to dismiss for lack of personal jurisdiction or, alternatively, for failure to state a claim.  For the reasons that follow, the motions to dismiss for lack of personal jurisdiction are GRANTED.

**Background**

This lawsuit arises from a widow's claim that her husband's exposure to asbestos while working for several companies over many years caused him to develop mesothelioma and, ultimately, caused his death.

On November 26, 2012 Carol Phillips (wife of Robert Lee Phillips) and the Estate of Robert Lee Phillips sued Associated Electric Cooperative, Inc. (AECI); ABB Combustion Engineering, Inc.; Centerpoint Energy, Inc.; Nebraska Public Power District (NPPD); and Grand Island City in Louisiana state court.  On April

1

2, 2013 NPPD, with the other defendants' consent, removed the case to this Court, invoking the Court's diversity jurisdiction.[1]

The plaintiffs allege that Robert Lee Phillips, who lived in St. John Parish before his death, was exposed to asbestos while he worked at various times for each of the defendants. Mr. Phillips' employment time-line:

- Phillips worked for ABB Combustion Engineering from 1956 to 1962.
- Phillips worked for Centerpoint Energy from 1962 to 1968.
- Phillips worked for City of Grand Island from 1969 to 1974.
- Phillips worked for Nebraska Public Power District from 1974 to 1977.
- Phillips worked for AECI from 1977 to 1980.

Plaintiffs allege that Mr. Phillips "worked with and/or was exposed to asbestos containing products while working at certain premises owned, operated or controlled by [each defendant]." Each defendant, the plaintiffs allege, "knew or should have known through industry and medical studies...of the health hazards inherent in the asbestos containing products they were using." Finally, the plaintiffs charge that the defendants "ignored or

---

[1] The plaintiffs allege complete diversity of citizenship. Carol Phillips is domiciled in St. John Parish, Louisiana. ABB Combustion Engineering, Inc. is a corporation organized in Delaware with its principal place of business in Connecticut. Centerpoint Energy, Inc. is a corporation organized in Texas with its principal place of business in Texas. AECI is a corporation organized in Missouri with its principal place of business in Missouri. NPPD is a corporation organized in Nebraska with its principal place of business in Nebraska. City of Grand Island is a corporation organized in Nebraska with its principal place of business in Nebraska.

concealed such information" from Mr. Phillips, and as a result of his exposure, Mr. Phillips suffered from asbestos-related mesothelioma and other physical and mental injuries. In light of the alleged facts, the plaintiffs seek damages based on negligence, premises liability, and wrongful death and survival claims.

Grand Island and NPPD now request dismissal of the plaintiffs' claims for lack of personal jurisdiction and, alternatively, for failure to state a claim.

## I.
### A.

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a defendant to challenge the Court's exercise of personal jurisdiction over it.

When nonresident defendants like The City of Grand Island and Nebraska Public Power District seek dismissal for lack of personal jurisdiction under Rule 12(b)(2), the plaintiffs bear the burden of establishing the Court's jurisdiction over the defendant, but need only make a prima facie case if the Court rules without an evidentiary hearing. See Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008); see also Luv N' Care v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir.), cert. denied, 548 U.S. 904 (2006). The Court is not restricted to pleadings, but may consider affidavits, interrogatories, depositions, or any other appropriate method of discovery. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994); see Jobe v. ATR Mktg., Inc., 87 F.3d 751, 752 (5th Cir.

1996). "In determining whether a prima facie case exists, this Court must accept as true [the plaintiffs'] uncontroverted allegations, and resolve in [their] favor all conflicts between the [jurisdictional] facts contained in the parties' affidavits and other documentation." Pervasive Software, Inc. v. Lexware GMBH & Co. KG, 688 F.3d 214, 219-20 (5th Cir. 2012)(quoting Freudensprung v. Offshore Technical Servs., Inc., 379 F.3d 327, 343 (5th Cir. 2004)(alterations in original)(quotation omitted)).

*B.*

The Court may exercise personal jurisdiction over a nonresident defendant only if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction comports with Due Process. See Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006). Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the two-part inquiry merges into one: whether this Court's exercise of jurisdiction over the defendants would offend due process. See La. R.S. 13:3201(B)(providing that a Louisiana court "may exercise personal jurisdiction over a nonresident on any basis consistent with . . . the Constitution of the United States"); Luv N' Care, 438 F.3d at 469; see also Electrosource, Inc. v. Horizon Battery Techs., Ltd., 176 F.3d 867, 871 (5th Cir. 1999).

4

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985)(citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-14 (1994)(The Due Process Clause limits the Court's power to assert personal jurisdiction over a nonresident defendant.). To conclude that the exercise of personal jurisdiction comports with Due Process it must be shown that (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colorado, 615 F.3d 364, 367 (5th Cir. 2010)(citations omitted). "The 'minimum contacts' inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it 'reasonably anticipates being haled into court'" in the forum state. McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009), cert. denied, 131 S.Ct. 68 (2010).

The minimum contacts inquiry takes two forms, and the constitutional limitations on the exercise of personal jurisdiction differ depending on whether a court is asked to exercise general or

5

specific jurisdiction over the defendant. Choice Healthcare, Inc., 615 F.3d at 368 ("The 'minimum contacts' prong of the two-part test may be further subdivided into contacts that give rise to 'general' personal jurisdiction and 'specific' personal jurisdiction."). Regardless of whether the lawsuit is related to the defendant's contacts with the forum, courts may exercise general jurisdiction over any lawsuit brought against a defendant that has substantial, continuous, and systematic general contacts with the forum state. See Seiferth, 472 F.3d at 271 (citing Helicopteros Nactionales 466 at 413-14); Moncrief Oil Int'l Inc. v. OAO Gazprom, 481 F.3d 309, 312 (5th Cir. 2007)("Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction."). "If", on the other hand, "a defendant has relatively few contacts, a court may still exercise specific jurisdiction 'in a suit arising out of or related to the defendant's contacts with the forum.'" Id. General jurisdiction focuses on incidents of continuous activity within the disputed forum; specific jurisdiction is more constrained by virtue of a very limited nexus with the forum.

If a plaintiff demonstrates minimum contacts between the defendant and the forum state, then the Court may exercise personal jurisdiction unless the defendant makes a "compelling case" that the exercise of jurisdiction is unfair or unreasonable. Burger King Corp. V. Rudzewicz, 471 U.S. 462, 477 (1985); Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 215 (5th Cir. 1999). In determining

whether the exercise of jurisdiction is fair and reasonable, the Court considers certain fairness factors: (1) the burden on the non-resident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental social policies. See <u>Nuovo Pignone v. Storman Asia M/V</u>, 310 F.3d 374, 382 (5th Cir. 2002)(citation omitted).

Grand Island and NPPD contend that the Court lacks personal jurisdiction over them because the plaintiffs fail to allege any jurisdictional nexus between them and the State of Louisiana and, moreover, the defendants submit that the record establishes that they lack sufficient contacts with Louisiana for the Court to assert personal jurisdiction over them.

II.

A.  General Jurisdiction

The Court first considers the plaintiffs' argument that several factors support the exercise of general jurisdiction over NPPD.[2]  The general jurisdiction argument advanced by the plaintiffs readily fails.

A court has general jurisdiction over a nonresident defendant

---

[2]The plaintiffs apparently concede that the Court may not exercise general jurisdiction over Grand Island.

"to hear any and all claims" against him when his contacts with the state are so "'continuous and systematic' as to render [him] essentially at home in the forum." Goodyear Dunlop Tires Operations v. Brown, 131 S.Ct. 2846, 2851 (2011). The general jurisdiction inquiry is "dispute blind, the sole focus being on whether there are continuous and systematic contacts between the defendant and the forum." Dickson Marine, Inc. v. Panalina, Inc., 179 F.3d 331, 339 (5th Cir. 1999). Rather than mere "minimum" contacts, "continuous and systematic" contacts must exist between the state and the foreign defendant because "the forum state does not have an interest in the cause of action." Id. The Fifth Circuit has noted that the continuous and systematic test "is a difficult one to meet, requiring extensive contacts between a defendant and a forum." Submersible Sys., Inc. v. Perforadora Cent., 249 F.3d 413, 419 (5th Cir. 2001). "[V]ague and overgeneralized assertions that give no indication as to extent, duration, or frequency of contacts are insufficient to support general jurisdiction." Johnston v. Multidata Sys. Int'l Corp.,, 523 F.3d 602, 610 (5th Cir. 2008) (citation omitted)(reviewing past cases "to illustrate just how difficult it is to establish general jurisdiction"). "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." Id. (quoting Access Telecom, Inc. v. MCI Telecomms. Corp., 197 F.3d

694, 717 (5th Cir. 1999)).

For NPPD to be haled into Court based on general jurisdictional principles, it must have had continuous and systematic general contacts with Louisiana.  In considering whether the plaintiffs have made a prima facie case that sufficient contacts exist to justify the exercise of general jurisdiction, the Court considers the affidavits and other evidence presented to it. See Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985).

NPPD contends that the Court lacks general jurisdiction over it in light of the following uncontroverted jurisdictional facts:

- NPPD is a public corporation and political subdivision of the State of Nebraska.
- NPPD's principal place of business is Columbus, Nebraska.
- NPPD had never maintained any offices, facilities, or headquarters in Louisiana.
- The majority of NPPD's business, which consists of the generation, transmission, and distribution of electric power and energy for sale to wholesale and retail customers in Nebraska, is confined exclusively within Nebraska, the limited exceptions touching South Dakota, Iowa, Missouri, and Kansas.
- NPPD does not own any real estate or other property or have any business operations in Louisiana.
- NPPD has never maintained any accounts with financial institutions in Louisiana.
- NPPD has never paid, and is not obligated to pay taxes of any kind to Louisiana or its political subdivisions.
- NPPD's business during the time period relevant to Mr. Phillips' employment with NPPD (1974-1977) in no way involved any connection or relationship to Louisiana.
- NPPD has sent representatives to Louisiana for business trips of short duration for routine utility industry-related consultations or meetings.
- NPPD sent a 12-man power crew to assist in power restoration after Hurricane Katrina.

The plaintiffs do not dispute this record. Rather, they limply suggest that sending corporate employees to Louisiana for industry meetings supports, they would hope, a finding of general jurisdiction. In so doing, the plaintiffs advocate a "sprawling view" of general jurisdiction not at all supported by the case literature.[3] "[L]imited attendance of trade shows in New Orleans is insufficient to establish general jurisdiction." See Dis-Tran Wood Products, LLC v. Brooks Mfg. Co., No. 12-1876, 2012 WL 5988770

---

[3] If the Court accepted the plaintiffs' argument, then most U.S. corporations that send employees to Louisiana for conventions and trade shows would be subject to general jurisdiction in Louisiana, as a matter of law, and without analysis of the quality or quantity of those contacts or their purposeful availment of the relevant forum. The plaintiffs fail to convince the Court to take that leap. Cf. Goodyear Dunlop Tires Operations v. Brown, 131 S.Ct. 2846, 2856 (2011)(rejecting "sprawling view of general jurisdiction urged by" plaintiff in which "any substantial manufacturer or seller of goods would be amenable to suit, on any claim for relief, wherever its products are distributed"); see Jackson v. Tanfoglio Giuseppe, S.R.L., 615 F.3d 579, 584-85 (5th Cir. 2010)(holding that no general personal jurisdiction existed over defendant manufacturer that had no office, bank accounts, employees, postal address, or property in the forum state, and that was neither registered to do business nor paid taxes in the forum state; the only contacts with the forum were that the handguns the defendant supplied parts for in another state were sold in the forum state, it attended two trade shows in the forum, and it advertised and marketed in nationwide media that reached the forum state); see also Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 611-14 (5th Cir. 2008)(illustrating "just how difficult it is to establish general jurisdiction" and holding that general personal jurisdiction was lacking over defendants including defendant that maintained no business in the forum, despite the fact that over a five year period, the defendant had sold $140,000 worth of goods and service-related contracts to customers in the forum, representing three percent of the defendant's business, its employees periodically traveled to the forum, and its advertisements in national publications reached the forum).

(W.D. La. Nov. 29, 2012)(citing Grober v. Mako Products, Inc., 686 F.3d 1335, 1346 (Fed. Cir. 2012)).  Moreover, the fact that NPPD sent a 12-man crew to Louisiana to assist in post-Katrina power restoration is hardly substantial, from a general jurisdictional standpoint, to amount to continuous and systematic general business contacts with Louisiana.  See generally Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408 (1984)(finding no personal jurisdiction over a defendant in Texas, notwithstanding a number of contacts, including purchasing helicopters and parts for seven years, sending pilots to Texas for training, and one visit to Texas by defendant's chief executive officer).

Given the jurisdictional facts, the plaintiffs have not shown that NPPD has the kind of systematic and continuous contacts with Louisiana sufficient to support this Court's exercise of general jurisdiction.

### B.  Specific Jurisdiction

"In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" Goodyear Dunlop Tires Operations, 131 S.Ct. at 2851.  The Fifth Circuit has articulated a three-step specific personal jurisdiction inquiry:

> (1) Did the plaintiff's cause of action arise out of or result from the defendant's forum-related contacts?

> (2) Did the defendant purposefully direct its activities toward the forum state or purposefully avail itself of the privilege of conducting activities therein; and
>
> (3) Would the exercise of personal jurisdiction over the defendant be reasonable and fair?

Pervasive Software, Inc. v. Lexware GMBH & Co. KG, 688 F.3d 214, 227 (5th Cir. 2012).[4] "[T]he defendant's contacts [with the forum] must be more than 'random, fortuitous, or attenuated, or of the unilateral activity of another party or third person,'"; however, the Fifth Circuit observes that, unlike general jurisdiction, "specific jurisdiction may exist where there are only isolated or sporadic contacts' ...so long as the plaintiff's claim relates to or arises out of those contacts." ITL, Int'l, Inc. v. Constenla, S.A., 669 F.3d 493, 498-99 (5th Cir. 2012)(citations omitted).

Finally, specific personal jurisdiction is claim-specific; that is, if a plaintiff's claims relate to different forum contacts of the defendant, then specific jurisdiction must be established for each claim. Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 274-75 (5th Cir. 2006); McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009), cert. denied, 131 S.Ct. 68 (2010).

The plaintiffs allege, identically, as to all defendants, that

---

[4] If the plaintiff establishes (1) and (2), then the burden shifts to the defendant, who must show that it would be unfair or unreasonable to exercise jurisdiction. Id.

Grand Island and NPPD negligently failed to ensure a safe work environment for Mr. Phillips and, similarly, that the jobsites and facilities where Mr. Phillips worked contained asbestos and created an unreasonable risk of harm to Mr. Phillips; and ultimately caused his death.

The plaintiffs' claims concerning asbestos exposure relate to the same alleged forum contacts, none of which support the exercise of specific jurisdiction. The Court first notes that allegations suggesting <u>any</u> Louisiana contacts by any of the defendants are notably absent from the allegations of the state court petition.[5] In an attempt to gloss over this glaring omission, the plaintiffs argue in their opposition papers that both Grand Island and NPPD admit to employing Mr. Phillips and that

> Upon information and belief, Mr. Phillips was a resident of the State of Louisiana immediately preceding his period of employment with NPPD [and Grand Island]. Thus, upon information and belief, NPPD [and Grand Island]

---

[5]In addressing the general jurisdictional theory advanced by the plaintiffs with respect to NPPD, the Court noted the jurisdictional facts submitted by NPPD. Similarly, Grand Island submits, and the plaintiffs do not attempt to dispute:
- Grand Island is a municipality and operates exclusively within Nebraska.
- Grand Island has never maintained any offices, facilities, or headquarters in Louisiana.
- Grand Island does not own any real estate property in Louisiana.
- Grand Island has never paid, and is not obligated to pay taxes of any kind in Louisiana.
- Grand Island's business during the time period relevant to Mr. Phillips' employment at Grand Island (1969-1974) in no way involved any connection or relationship to the State of Louisiana.

>actively solicited[6] Mr. Phillips in Louisiana to move to Nebraska to work for NPPD [and Grand Island]. Such purposeful activities directed toward the state of Louisiana are sufficient for this Court to exercise specific jurisdiction over NPPD [and Grand Island] as the cause of action at issue arises out of Mr. Phillips' employment with NPPD [and Grand Island].

But the Court need not speculate as to whether or not the defendants recruited Mr. Phillips while he was a Louisiana resident because the record belies the plaintiffs' wishful speculation: Mr. Phillips' social security records, which plaintiffs' counsel provided to defendants, show that Mr. Phillips worked *in Texas* from 1962 until 1969; then worked for Grand Island in Nebraska from the latter portion of 1969 through the second quarter of 1974, at which time Mr. Phillips began working for NPPD, where he continued to work until 1977. At the very least,[7] these facts undermine the plaintiffs' speculation that Mr. Phillips resided in Louisiana during the time when either Grand Island or NPPD would have been recruiting him.[8]

---

[6] In advancing identical arguments in opposition to the defendants' motions, the plaintiff uses only slightly different language, suggesting that Grand Island "must have enticed Mr. Phillips in some way...."

[7] Counsel for defendants draw attention to 28 U.S.C. § 1927, noting that the plaintiffs' recruitment theory is clearly contradicted by the social security records that plaintiffs turned over to defendants. As always, the Court expects all counsel to be mindful of their professional responsibilities.

[8] It is telling that the plaintiffs focus on Mr. Phillips' supposed whereabouts, and not on an attempt to establish a connection between the defendants and the forum state, which is dispositive of personal jurisdiction inquiries. The Court need not

In short, the jurisdictional facts in the record undermine the plaintiffs' baseless specific personal jurisdiction theory as advanced against either Grand Island or NPPD.[9] Neither Grand Island nor NPPD purposefully directed its activities toward

---

address the theory advanced by the plaintiffs, in which they attempt to invoke the (very limited) Calder effects test; the plaintiffs' have not established any factual threshold for even considering such a theory. Indeed, the Court reminds counsel that "the effects doctrine is not as expansive as [the plaintiffs] argue." McFadin, 587 F.3d at 762. In fact, "[f]oreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum." Id. (quoting Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 212 (5th Cir. 1999)(expressing concern that too broad a reading would subject a nonresident defendant "to jurisdiction in Texas for an intentional tort simply because the plaintiff's complaint alleged injury in Texas to Texas residents regardless of the defendant's contacts....")). No allegation or jurisdictional fact of record establishes that either Grand Island or NPPD had any contact with Louisiana relating to the claims in this lawsuit, let alone any contact that was deliberate, rather than simply random or fortuitous. The fact that Mr. Phillips may have lived in Louisiana when he became ill does not inform the jurisdictional inquiry into whether the defendants directed conduct toward the forum such that they 'reasonably anticipate[d] being haled into court'" in Louisiana.

[9]No evidence has been submitted to support the recruitment theory of personal jurisdiction; rather, the defendants submit records supplied by the plaintiffs that contradict the plaintiffs' sole jurisdictional theory. And, as the magistrate judge recently pointed out in denying the plaintiffs' motion to conduct limited discovery on personal jurisdiction: "defendants submitted jurisdictional affidavits that foreclose the exercise of personal jurisdiction, and plaintiffs failed to do so.... Accordingly,...it appears that any jurisdictional discovery would be futile here and would serve no purpose." See Minute Order at Rec. Doc. 69 (Knowles, M.J.)(citing Gines v. D.R. Horton, Inc., 867 F. Supp. 2d 824, 830 (M.D. La. 2012)). Thus, to the extent the plaintiffs continue urge that jurisdictional discovery may fill the gaps in the personal jurisdictional inquiry, that request was denied.

Louisiana. This Court lacks personal jurisdiction over Grand Island and NPPD.

Accordingly, The City of Grand Island's motion to dismiss for lack of personal jurisdiction is GRANTED, and NPPD's motion to dismiss for lack of personal jurisdiction is also GRANTED.[10] The plaintiffs' claims against Grand Island and NPPD are dismissed.

New Orleans, Louisiana, June 17, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[10] Because the Court has determined that it lacks personal jurisdiction over the defendants, it need not reach the defendants' alternative requests that the Court dismiss the plaintiffs' claims for failure to state a claim.