UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CAROL PHILLIPS, ET AL.                         CIVIL ACTION

v.                                             NO. 13-594

ABB COMBUSTION ENGINEERING, INC., ET AL.       SECTION "F"

ORDER AND REASONS

Before the Court is Associated Electric Cooperative, Inc.'s Rule 12(e) motion for a more definite statement and Rule 12(b)(6) motion to dismiss.  For the reasons that follow, the 12(e) motion is DENIED, and the 12(b)(6) motion is GRANTED.

**Background**

This negligence and wrongful death lawsuit arises from a widow's claim that her husband was exposed to asbestos during the course of employment at several companies over many years.

On November 26, 2012 Carol Phillips (wife of Robert Lee Phillips) and the Estate of Robert Lee Phillips sued Associated Electric Cooperative, Inc. (AECI); ABB Combustion Engineering, Inc.; Centerpoint Energy, Inc.; Nebraska Public Power District (NPPD); and Grand Island City in state court. On April 2, 2013 NPPD, with the other defendants' consent, removed the case to this Court, invoking the Court's diversity jurisdiction[1].

---

[1] Plaintiffs allege complete diversity of citizenship:
- Carol Phillips is domiciled in St. John Parish, Louisiana.
- ABB Combustion Engineering, Inc. is a corporation organized

1

The plaintiffs allege that Robert Lee Phillips, who lived in St. John Parish before his death, was exposed to asbestos while working at various times for each of the defendants. Mr. Phillips' employment timeline:

- Phillips worked for ABB Combustion Engineering from 1956 to 1962.
- Phillips worked for Centerpoint Energy from 1962 to 1968.
- Phillips worked for City of Grand Island from 1969 to 1974.
- Phillips worked for Nebraska Public Power District from 1974 to 1977.
- Phillips worked for AECI from 1977 to 1980.

Plaintiffs allege that Mr. Phillips "worked with and/or was exposed to asbestos containing products while working at certain premises owned, operated or controlled by [each defendant]." The petition also provides that the wrongful conduct occurred in the Parish of St. John.

The plaintiffs allege that Mr. Phillips worked for AECI from 1977 to 1980, and during that time he was "exposed to asbestos or asbestos containing products in connection with performance of his occupation(s) performed for Defendants at facilities owned and/or operated by Defendants." Furthermore, the plaintiffs allege that

---

  in Delaware with its principal place of business in Connecticut.
- Centerpoint Energy, Inc. is a corporation organized in Texas with its principal place of business in Texas.
- AECI is a corporation organized in Missouri with its principal place of business in Missouri.
- NPPD is a corporation organized in Nebraska with its principal place of business in Nebraska.
- City of Grand Island is a corporation organized in Nebraska with its principal place of business in Nebraska.

2

each defendant "knew or should have known through industry and medical studies...of the health hazards inherent in the asbestos containing products they were using." Moreover, plaintiffs contend that the defendants "ignored or concealed such information" from Mr. Phillips, and as a result of his exposure, Mr. Phillips suffered from asbestos related Mesothelioma, and other physical and mental injuries.

In light of those allegations, the plaintiffs seek damages for negligence, premises liability, and wrongful death and survival claims.

The plaintiffs allege "negligent, grossly negligent, and wanton misconduct on behalf of Defendants in failing to provide and/or ensure a safe workplace for their employees or invitees, free of hazardous concentrations of asbestos and asbestos containing dust." Plaintiffs then go on to list specific duties that the defendants negligently failed to perform, mostly pertaining to safe working conditions.

The plaintiffs add that the defendants' "facilities were defective in that the asbestos and asbestos containing materials in the facilities created an unreasonable risk of harm to Phillips...." Furthermore, they contend that Mr. Phillips "was an invitee at the premise of Defendants' facilities" and the "defective condition of the facilities was a proximate cause of Phillips' asbestos related injuries and damages."

Finally, the plaintiffs list specific damages that both Mr. and Mrs. Phillips suffered as a result of the alleged wrongful conduct, including: physical pain; mental anguish; medical expenses; loss of wages; and funeral expenses.

AECI now seeks a more definite statement pursuant to Rule 12(e). AECI also seeks dismissal of any claims asserted by "the Estate of Robert Lee Phillips" on the ground that the claims are only properly asserted by Mr. Phillips' surviving spouse.

I.

Rule 12(e), allows a party to seek a more definite statement if a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). The motion "must point out the defects complained of and the details desired." Id. The standard for evaluating a 12(e) motion is whether the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Babcock & Wilcox Co. V. McGriff, Seibels & Williams, Inc., 235 F.R.D. 632, 633 (E.D. La. 2006)(Barber, J.). Rule 12(e) motions are disfavored because, in light of the liberal pleading standard established in Rule 8 of the Rules of Civil Procedure, "it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." Id. (quoting Mitchell v. E-Z Way

Towers Inc., 269 F.2d 126, 132 (5th Cir. 1959). Accordingly, to determine whether a 12(e) motion is appropriate, the Court considers whether the complaint is sufficient to withstand a motion to dismiss according to the appropriate pleading standard. Because the complaint was initially filed in state court and later removed to this Court, the parties dispute whether Louisiana's fact-pleading standard[2] or the standard found in Rule 8 governs the complaint. Rule 81 of the Federal Rules of Civil Procedure addresses this issue.

Rule 81 provides in part that "[a]fter removal, repleading is unnecessary unless the court orders it." Fed.R.Civ.P. 81(c). In applying that rule, the Fifth Circuit has instructed that if the state pleading standard differs from the standard of Rule 8, the plaintiff need not spontaneously replead to conform the complaint to Rule 8 upon removal to federal court. See White v. State Farm Mutual Auto Insurance Co., 479 Fed. Appx. 556, 561 (5th Cir. 2012). However, the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed.R.Civ.P. 81(c). Therefore, any challenge to the sufficiency of a complaint after removal must be considered in accordance with the Rule 8 standard.

---

[2] Louisiana law does not require that the "theory of the case" be pled, rather, "[s]o long as the facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact-pleadings and evidence." Greemon v. City of Bossier City, 65 So.3d 1263, 1268 (La. 2011).

5

See <u>Freeman v. Bee Machine Co.</u>, 319 U.S. 448, 454 (1943)(noting "Congress has directed the District Court after a case has been removed to proceed therein as if the suit had been originally commenced in said district court.")(internal quotations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2). Providing further guidance, the Supreme Court has established that "[d]etailed factual allegations" are not required, but the Rule does demand "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Aschcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). The Rule 8 standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." <u>Id.</u>

II.
*A.*

In accordance with Rule 12(e), AECI points to four alleged

defects for which it seeks clarification:

First, AECI requests the Court to compel the plaintiffs to amend their complaint so that it can "determine whether any alleged 'wrongful conduct' actually occurred in Louisiana," primarily, to assess whether this action has been brought in the proper venue. This request is inconsistent with Rule 8. The plaintiffs are not required to prove whether misconduct actually occurred in Louisiana. Rather, Rule 8 requires that a plaintiff merely allege enough facts to state a claim to relief that gives the defendant fair notice of what the plaintiff's claim is. The plaintiffs have met that standard.

Second, AECI seeks clarification on whether the plaintiffs have stated an action in fraud or conspiracy. AECI's concerns arise from a sentence that it extracted from the plaintiffs' complaint that asserts AECI "ignored or concealed" information from Mr. Phillips concerning the dangers of asbestos. AECI suggests that this allegation tracks the language of Louisiana statutes creating causes of action in fraud, conspiracy, or punitive damages. AECI contends that if Mrs. Phillips is alleging fraud, she should be held to the higher pleading standard of Rule 9(b).

Aside from one line that may or may not hint at fraud or conspiracy, the rest of the complaint plainly points to only two theories of relief: negligence and premises liability.

Third, AECI seeks clarification on what theories of recovery

the plaintiffs are attempting to assert when they allege: "[n]egligent, grossly negligent, or wanton misconduct on behalf of Defendants in failing to provide and/or ensure a safe workplace for their employees...."  That allegation, for pleading purposes, satisfies the Rule.

Finally, AECI contends that the plaintiffs' complaint is prejudicially vague and ambiguous because it does not provide the date of Mr. Phillips death. AECI insists that it cannot be reasonably expected to evaluate its defenses prior to pleading because, without the date of death, it is unable to evaluate whether Plaintiffs' claims are time-barred under Louisiana law and thus subject to a 12(b)(6) motion to dismiss.

While the inclusion of the date of Mr. Phillips' death in the complaint certainly would have provided clarity, the plaintiffs submit that they provided AECI with Mr. Phillips' date of death, Social Security records, and medical records in a certified letter before filing the complaint.

*B.*

AECI has also filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A 12(b)(6) motion is appropriate when a party has failed to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

Here, AECI contends, and plaintiffs concede, that "the Estate of Robert Lee Phillips" is an improper party to the plaintiffs'

action because, under the circumstances, Louisiana law prohibits the decedent's estate from recovering for the pleaded claims. The Court finds that dismissal of the Estate is appropriate.

Accordingly, the defendant's Rule 12(e) motion is DENIED, and the defendant's Rule 12(b)(6) motion is GRANTED.

New Orleans, Louisiana, June 19, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE