UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CAROL PHILLIPS, ET AL.                                   CIVIL ACTION

v.                                                       NO. 13-594

ABB COMBUSTION ENGINEERING, INC., ET AL.                 SECTION "F"

ORDER AND REASONS

Before the Court are two motions: (1) CenterPoint Energy Inc.'s motion for summary judgment on peremption and prescription; and (2) Associated Electric Cooperative, Inc.'s motion for summary judgment. For the reasons that follow, the motions are DENIED without prejudice.

**Background**

This lawsuit arises from a widow's claim that her husband's exposure to asbestos while working for several companies over many years caused him to develop mesothelioma and, ultimately, his death.

Mr. Phillips died on August 4, 2011. Several days later Timothy Madden of King Krebs & Jurgens, PLLC, counsel for Ms. Phillips, by separate letters, notified CenterPoint Energy, Inc. and Associated Electric Cooperative, Inc. that Mr. Phillips died on August 4, 2011 and that his illness and death was caused by exposure to asbestos while he worked for, among other employers,

1

CenterPoint Energy and AECI.  On November 26, 2012 Carol Phillips (wife of Robert Lee Phillips) and the Estate of Robert Lee Phillips sued AECI; ABB Combustion Engineering, Inc.; CenterPoint Energy; Nebraska Public Power District; and Grand Island City in Louisiana state court.  On April 2, 2013 Nebraska Public Power, with the other defendants' consent, removed the case to this Court, invoking the Court's diversity jurisdiction.[1]

The plaintiffs allege that Mr. Phillips, who lived in St. John Parish, Louisiana before his death, was exposed to asbestos while he worked for each of the defendants.  Mr. Phillips' employment time-line:

- Phillips worked for ABB Combustion Engineering from 1956 to 1962.
- Phillips worked for CenterPoint Energy from 1962 to 1968.
- Phillips worked for City of Grand Island from 1969 to 1974.
- Phillips worked for Nebraska Public Power District from 1974 to 1977.
- Phillips worked for AECI from 1977 to 1980.

Plaintiffs allege that Mr. Phillips "worked with and/or was exposed to asbestos containing products while working at certain premises

---

[1] The plaintiffs allege complete diversity of citizenship. Carol Phillips is domiciled in St. John Parish, Louisiana. ABB Combustion Engineering, Inc. is a corporation organized in Delaware with its principal place of business in Connecticut. CenterPoint Energy is a corporation organized in Texas with its principal place of business in Texas. AECI is a corporation organized in Missouri with its principal place of business in Missouri. Nebraska Public Power is a corporation organized in Nebraska with its principal place of business in Nebraska. City of Grand Island is a corporation organized in Nebraska with its principal place of business in Nebraska.

owned, operated or controlled by [each defendant]." Each defendant, the plaintiffs allege, "knew or should have known through industry and medical studies...of the health hazards inherent in the asbestos containing products they were using." Finally, the plaintiffs charge that the defendants "ignored or concealed such information" from Mr. Phillips, and as a result of his exposure, Mr. Phillips suffered from asbestos-related mesothelioma and other physical and mental injuries. The plaintiffs seek damages based on negligence, premises liability, and wrongful death and survival claim theories.

On April 30, 2013 Grand Island and Nebraska Public Power requested dismissal of the plaintiffs' claims for lack of personal jurisdiction and, alternatively, for failure to state a claim. The Court granted those motions for lack of personal jurisdiction, dismissing the plaintiffs' claims against those two defendants. On June 19, 2013 the Court denied AECI's motion for a more definite statement, but granted its request to dismiss the Estate of Robert Lee Phillips as a plaintiff because Louisiana law prohibits the decedent's estate from recovering for the pleaded claims.

CenterPoint Energy and AECI now seek summary relief, dismissing the remaining plaintiff's claims against them as time-barred.

I.

Federal Rule of Civil Procedure 56 instructs that summary

judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio.</u>, 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. <u>See</u> <u>id</u>. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. <u>Id</u>. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. <u>See</u> <u>Donaghey v. Ocean Drilling & Exploration Co.</u>, 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. <u>Id</u>. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. <u>Martin v.</u>

John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed.R.Civ.P. 56(c)(2). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

CenterPoint Energy and AECI seek summary relief on the ground that the plaintiff's tort claims are time-barred by application of Louisiana's one-year prescriptive period for wrongful death actions and one-year peremptive period for survival actions; the defendants submit that Mr. Phillips died more than one year before Ms. Phillips filed this lawsuit in state court. Although the plaintiff concedes that her claims are time-barred if Louisiana law applies, she counters that the substantive law of Texas governs her claims against CenterPoint, and the substantive law of Missouri governs her claims against AECI, and she points out that if the statute of limitations applicable to her claim is derived from Texas or Missouri, her claims are timely because these states provide a two and three year statute of limitations, respectively; thus, she identifies a conflict between Louisiana, and Texas and Missouri law, and requests that the Court disregard Louisiana's one-year prescriptive and peremptive periods due to "compelling considerations of remedial justice."

### A.

In its reply papers, AECI contends that the plaintiff should

be judicially estopped from arguing that Louisiana law is inapplicable to her claims because, during motion practice, the plaintiff has stated that she brought this lawsuit pursuant to Louisiana law; the plaintiff has argued against the application of another state's law; and that the plaintiff has conceded to this Court's application of Louisiana law in dismissing the Estate of Robert Phillips from the lawsuit.  The plaintiff counters that she did not invoke any state's laws in her state court petition because counsel was cognizant of the choice-of-law issues presented by Mr. Phillips' employment history.

A plaintiff is not required to plead a choice-of-law issue when the case is filed, but she must raise it "in time for it to be properly considered."  See Kucel v. Walter E. Heller & Co., 813 F.2d 67, 74 (5th Cir. 1987).  Although there has been some motion practice, in which two defendants were dismissed for lack of personal jurisdiction, and one of the party plaintiffs was dismissed on Louisiana law grounds, the Court finds that the plaintiff has raised the choice-of-law issue in time for it to be properly considered.  The parties have apparently not yet engaged in discovery, and the scheduling order calls for a pretrial conference on May 16, 2014 and a jury trial on June 9, 2014.  This case is in its very early stages and, while it is preferable for choice-of-law issues to be raised as soon as possible, there is no suggestion that the plaintiff delayed the issue in bad faith.  Nor

has it been established that the plaintiff deliberately failed to disclose the choice-of-law issue to opposing counsel (indeed, an issue the Court, or opposing counsel, may raise), to her opponents' disadvantage, such that the equitable doctrine of judicial estoppel might apply. Cf. Republic of Ecuador v. Connor, 708 F.3d 651, 654 (5th Cir. 2013)("a party may be estopped from asserting a position in a judicial proceeding where it has previously persuaded a court to adopt a clearly contrary position to the disadvantage of an opponent")(citations omitted).[2]

*B.*

Sitting in diversity, this Court applies the choice-of-law rules of the forum state to identify which state's substantive law applies. Marchesani v. Pellerin-Milnor Corp., 269 F.3d 481 (5th Cir. 2001)(citing Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). Louisiana choice-of-law rules control this Court's determination of whether Louisiana law, or the laws of the States of employment (Texas and Missouri), govern the plaintiff's tort claims against CenterPoint and AECI.

AECI contends, by way of reply papers, that application of Louisiana's conflict of law and prescription principles compels a finding that the plaintiff's lawsuit is time-barred. AECI proffers

---

[2] Nevertheless, the fact that in prior motion practice Louisiana law of the right of recovery of an estate was applied with no objection from either side is of interest to the Court and may ultimately be of serious concern to the plaintiff's case.

no analysis as to which state's (or states') substantive law applies,[3] but submits that the plaintiff is not able to establish that "maintenance of the action in this state is warranted by compelling considerations of remedial justice", which must be established in order for the Court to disregard Louisiana's prescriptive and peremptive periods.[4]

While it is true that most plaintiffs fail to satisfy the

---

[3]The Court notes that article 3543 of the Louisiana Civil Code articulates the choice-of-law rules for delictual obligations concerning issues pertaining to regulation of conduct or safety.

[4]Louisiana's conflict of law provision on liberative prescription, set forth in article 3549 of the Louisiana Civil Code, provides:
> **Art. 3549. Law governing liberative prescription**
> A. When the substantive law of this state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies.
> B. When the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies, except as specified below:
> (1) If the action is barred under the law of this state, the action shall be dismissed unless it would not be barred in the state whose law would be applicable to the merits and maintenance of the action in this state is warranted by compelling considerations of remedial justice.
> ....

The plaintiff urges the Court to disregard Louisiana's prescriptive and peremptive periods; in so urging, the plaintiff invokes the exception codified in article 3549(B)(1). It is Ms. Phillips' position that compelling considerations of remedial justice warrant the application of the longer limitations periods provided by Texas and Missouri, respectively.

"compelling considerations of remedial justice" exception sufficient for courts to disregard Louisiana's prescriptive and peremptive provisions,[5] the Court finds that the choice-of-law determination would be advanced by resort to the summary judgment procedure contemplated by Rule 56(a).  Here, because the plaintiff for the first time raised the choice-of-law issue by way of her opposition papers, only one of the movants here, AECI, has responded to the choice-of-law issue.

The summary judgment device best-serves the Court and the litigants when a movant identifies a claim on which summary relief is sought, and shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law; this gives the nonmovant an opportunity to point to record evidence demonstrating a genuine dispute as to a material fact.  But when the predicate for granting judgment as a matter of law -- indeed, the very law that applies -- is first disputed by the nonmovant in her response, surprising the movant and forcing the movant to assert new arguments and submit new evidence by way

---

[5]Indeed, as AECI points out, only two cases have found sufficient compelling considerations to maintain the suit.  See McGee v. Arkel Int'l, LLC, 671 F.3d 539, 548 (5th Cir. 2012); Smith v. ODECO (UK), Inc., 615 So. 2d 407 (La. App. 4 Cir. 1993), *writ denied*, 618 So. 2d 412 (La. 1993).  Furthermore, the Fifth Circuit has observed that "[i]n cases where plaintiffs have litigated their claims in Louisiana by choice, not by necessity, claims of 'compelling considerations' warranting maintenance of the suit in Louisiana have been consistently rejected."  Brown v. Slenker, 220 F.3d 411, 420 (5th Cir. 2000).

of reply, the utility of the device has been patently undermined. Here, the defendants submitted and proved that, if Louisiana law applies, the plaintiff's claims are time-barred. But the plaintiff raises a serious choice-of-law issue that is, at best, awkward to resolve when raised by way of opposition memorandum and responded to, by only one movant, by way of reply.

Accordingly, IT IS ORDERED: that the defendants' motions for summary judgment are DENIED without prejudice.[6]

New Orleans, Louisiana, October 23, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[6] It is not the Court's intention to discourage any party from seeking summary judgment. Rather, any party that seeks summary relief must more adequately brief the choice-of-law issue, including, among others, the apparent issue of whether an alternative forum is available, and must support its position with competent evidence.